**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOANN WAINWRIGHT, | No. 20-15329 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02330-JAM-DB |
| v. | |
| MELALEUCA, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 2, 2021**
San Francisco, California

Before: RAWLINSON and BUMATAY, Circuit Judges, and EATON,*** Judge,
United States Court of International Trade.

Appellee Melaleuca, Inc. is a company incorporated and headquartered in

Idaho that designs, manufactures, and markets a variety of nutritional, personal care,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

and household products. On June 8, 2019, Appellant Joann Wainwright, a California citizen, enrolled as a Marketing Executive with Melaleuca. As part of her enrollment, Wainwright signed an Agreement with the company which requires that disputes between the parties be arbitrated. The Agreement includes a choice-of-law provision which provides that the "Agreement shall be governed by the laws of the State of Idaho and the Federal Arbitration Act ('FAA')." The Agreement also contains a delegation clause, which provides that "[a]ll issues are for the arbitrator to decide, including issues relating to the scope and enforceability of the arbitration provision."

After terminating her employment with Melaleuca, Wainwright filed suit in the Superior Court of California for the County of Sacramento, alleging eight claims on behalf of herself and a putative class. Melaleuca removed the case to federal court under the Class Action Fairness Act. Thereafter, Melaleuca moved to compel arbitration in accordance with the Agreement. On January 27, 2020, the district court granted Melaleuca's motion and dismissed Wainwright's claims without prejudice for refiling in the appropriate forum should the arbitrator find her claims non-arbitrable.

The district court exercised jurisdiction pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446, and we have jurisdiction under 28 U.S.C. § 1291. We "review[] the validity and scope of an arbitration clause *de novo* and the factual findings

underlying the district court's decision for clear error." *Stover v. Experian Holdings, Inc.*, 978 F.3d 1082, 1085 (9th Cir. 2020) (citation omitted).

The district court concluded that the Agreement's choice-of-law provision is enforceable and that the delegation clause was not unconscionable under Idaho law. We affirm.

1.     The district court did not err in applying Idaho law pursuant to the Agreement's choice-of-law provision.  As a federal court sitting in diversity, the district court applied the choice of law rules of California, the forum state.  *Coneff v. AT & T Corp.*, 673 F.3d 1155, 1161 (9th Cir. 2012).  When "determining the enforceability of arm's-length contractual choice-of-law provisions," California courts "apply the principles set forth in Restatement section 187, which reflect a strong policy favoring enforcement of such provisions."  *Nedlloyd Lines B.V. v. Superior Ct.*, 3 Cal. 4th 459, 464–65 (1992).  Under § 187, a choice-of-law provision is enforceable unless one of two exceptions apply: (1) "the chosen state has no substantial relationship to the parties or the transaction"; or (2) "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of a particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties." Restatement (Second) of Conflicts of Laws § 187.

3

Applying this analysis, the district court correctly concluded that neither exception applied here. First, Melaleuca has a substantial relationship with Idaho, where it is incorporated and has its headquarters. Second, Wainwright fails to identify a fundamental policy difference between California's and Idaho's unconscionability laws. Under § 187, a "fundamental" policy difference must be a "substantial one," and courts "will not refrain from applying the chosen law merely because this would lead to a different result than would be obtained under the local law of the state of the otherwise applicable law." Restatement (Second) Conflict of Laws § 187, cmt. g.

Despite Wainwright's claim that Idaho law's treatment of contracts of adhesion "is contrary to a fundamental policy of California," "the California Supreme Court has not adopted a rule that an adhesion contract is per se unconscionable." *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1261 (9th Cir. 2017); *see Brinkley v. Monterey Fin. Servs., Inc.*, 242 Cal. App. 4th 314, 328 (2015). Instead, both California and Idaho employ a multi-factored analysis to determine whether a contract is procedurally unconscionable, where the contract's adhesive nature is one factor in that analysis. *See Roman v. Superior Ct.*, 172 Cal. App. 4th 1462, 1470 n.2 (2009); *Lovey v. Regence BlueShield of Idaho*, 139 Idaho 37, 43 (2003). Thus, there does not appear to be a "substantial" or "fundamental" conflict between the two states' laws.

4

2.      Wainwright next argues that the district court should have automatically applied California's unconscionability analysis to the delegation clause *before* considering the Agreement's choice-of-law provision.  This is inconsistent with California's framework for evaluating choice-of-law clauses, which requires courts to "evaluate the clause's enforceability pursuant to the [Restatement Second approach]." *Wash. Mut. Bank, FA v. Superior Ct.*, 24 Cal. 4th 906, 916–17 (2001) (confirming the Restatement's choice-of-law framework applies even to "adhesion contracts").

3.      Because the district court correctly applied Idaho law under the Agreement's choice-of-law provision, we do not consider Wainwright's argument that the delegation clause is unconscionable under California law.  Further, Wainwright does not argue that the delegation clause is unconscionable under Idaho law.  Thus, we affirm the district court's conclusion that the delegation clause is not unconscionable.

4.      Finally, we do "not consider" Wainwright's "arguments raised for the first time on appeal[.]" *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1213 (9th Cir. 2020) (simplified).

**AFFIRMED.**